(14 Misc. Rep. 605.)

## FOLSON et al. v. LEWIS et al.

(Common Pleas of New York City and County, General Term. December 16, 1895.)

REAL-ESTATE AGENTS—RIGHT TO COMMISSIONS.

A real-estate agent is not entitled to commissions though the adult owners of the property, when employing him, misrepresented to him that leave of court for sale of the infant owners' interest had been already provided for,—where the customer obtained refuses to take title under such an order if one should be obtained.

Appeal from city court, general term.

Action by Samuel D. Folson and others against Robert C. Lewis, impleaded. From a judgment of the city court (33 N. Y. Supp. 1127) affirming a judgment entered on a verdict in favor of plaintiffs, and an order denying a motion for a new trial, defendant Lewis appeals. Reversed.

The action was brought by plaintiffs, who are real-estate brokers, against three defendants, only one of whom was served and answered, to recover 1 per cent. commission upon procuring, at defendants' request, a purchaser for the house and lot, 146 East Sixty-First street, in the city of New York, at the price of $29,000. The answer denied the employment, and alleged that, in answer to an inquiry by one of the plaintiffs, defendants said that the owners of the premises would sell the same for $29,000, but told him that part of the owners were minors, and could only convey under an order of the court. It is also denied that plaintiffs procured a purchaser who was accepted by the defendants, as alleged in the complaint.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Benjamin Wright, for appellant.
Samuel Mullen, for respondents.

DALY, C. J. We must assume from the finding of the jury the facts as testified to by plaintiffs,—that they were employed as brokers by the adult owners, these defendants, to sell the house and lot described in the complaint, and were informed that an order of court authorizing the sale of the interests of the infant owners had been provided for. No order in fact had been applied for, and the purchaser produced by the plaintiffs refused to make a contract under advice of counsel, whose opinion was that the court would not find any necessity for a sale of the infants' interest, as their father had left, besides the house and lot in question, other real property, and a very large personal estate. Defendants proposed to the purchaser to make an application to the court for leave to sell, but the latter declined to take title that way, suggesting, on the other hand, the foreclosure of a mortgage then on the property, and the taking of title through a sale. This proposition was rejected by the defendants.

The question presented on this appeal is the right of the brokers to recover commissions under the circumstances. Conceding all the facts claimed by plaintiffs,—that they were induced to look for a purchaser by the representation that leave of the court for a sale of the infants' interest had been already provided for,—it does not appear that they brought a purchaser willing to take title through such proceedings, even if the order therein had been already made. The objection made by the counsel for the proposed purchaser was, as he testified, to the propriety or legality of an order made under the state of facts disclosed; and, while he was willing to wait while title was made through another proceeding, he would not accept it through an order for the sale of the infants' interest. He made no objection that the order had not been already obtained, and it therefore appears that the representation of defendants to that effect to the broker was wholly immaterial. This is not a case in which the sale falls through through the inability or unwillingness of the owner to give title. The broker knew at the outset the source of title which was to be offered, and it was for him, before offering a purchaser, to ascertain that the latter would take such title. This he did not do, and his loss of time and trouble were caused by his neglect of that simple precaution, and not from any false assurance of defendants; for it was certain that the proposed purchaser would not buy if the assurance had been true. The failure of plaintiffs to procure a purchaser willing to take title through an order for the sale of the interest of the infants, which was one of the terms of the employment, was duly raised at the close of plaintiffs' case, and at the close of the whole case, and is presented by proper exceptions. It was error to refuse defendants' motion to dismiss the complaint.

The judgment must be reversed, and a new trial ordered, with costs to appellant in this court, and of the appeal in the city court, and of the former trial, to abide the event. All concur.